IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BJORN ERIK HAAPANIEMI,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN SWANEY,<br><br>    Respondent. | CIVIL ACTION NO.: 2:23-cv-121 |

## REPORT AND RECOMMENDATION

Petitioner Bjorn Haapaniemi ("Haapaniemi") has filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. As discussed in greater detail below, I **RECOMMEND** the Court **DENY** Haapaniemi's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Haapaniemi leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Haapaniemi his suit is due to be dismissed. As indicated below, Haapaniemi will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

Haapaniemi was convicted, after pleading guilty, of stalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(6), and mailing threatening communications, in violation of 18 U.S.C. § 876(d).  Amended J., United States v. Haapaniemi, 3:19-cr-78 (Dist. Alaska Mar. 18, 2021) ("Crim. Case"), ECF No. 188.  Haapaniemi was sentenced to 60 months in prison on the stalking count and to 48 months in prison on the communications count, for a total of 108 months in prison, to be served consecutively to each other and to Haapaniemi's sentence obtained in an Arizona state court.  Id.

Haapaniemi filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the District of Alaska.  Id. at ECF No. 111.  He argued his prosecution for the mailing threatening communications count violated his First Amendment right to free speech.  In addition, Haapaniemi argued the stalking charges should have been dismissed, as he only mailed letters and made no threats of bodily harm.  Haapaniemi asserted he was illegally detained and transported from Arizona to Alaska to face these federal charges.  Id.  The trial court denied Haapaniemi's § 2255 motion, as well as his motion to amend, because Haapaniemi waived any claim of actual innocence in his plea agreement.[2]  Id. at ECF. No. 126.

Haapaniemi filed another § 2255 motion in the District of Alaska.  Id. at ECF No. 201.  In that motion, Haapaniemi contended his trial counsel rendered ineffective assistance of counsel because his counsel hid exculpatory evidence, did not provide all discovery, purposely drafted a "fake letter" to tamper with a witness, and was grossly negligent.  Id. at pp. 3–6, 18–19.  Haapaniemi stated he entered into the plea agreement under extreme duress, rendering his plea

---

[2]    Haapaniemi filed another § 2255 motion, which he moved to withdraw after the trial court amended the caption and judgment in the case to reflect Haapaniemi's correct name and aliases.  Crim. Case, ECF Nos. 176, 186, 190.

invalid.  Id. at pp. 6–14.  In addition, Haapaniemi contended the government suppressed evidence, engaged in prosecutorial misconduct, and maliciously prosecuted him.  Id. at pp. 14–17, 19–21.  Further, he asserted the government and the United States Probation Office hid evidence.  Id. at p. 18.  The Alaska court denied Haapaniemi's motion as an unauthorized second or successive motion but allowed Haapaniemi leave to re-file with permission from the Ninth Circuit Court of Appeals.[3]  Id. at ECF No. 204.  The Ninth Circuit did not grant Haapaniemi's request.  Id. at ECF No. 239.

Haapaniemi filed a motion for compassionate release, which the District Court for the District of Alaska denied.  Id. at ECF Nos. 217, 235.  Haapaniemi filed several other motions with the District of Alaska concerning immigration-related requests (i.e., asking the court to amend its criminal judgment, adjudicating him as a deportable alien, and facilitate expedited removal).  Id. at ECF Nos. 218–21.  That court denied his motions because it did not have jurisdiction over the issues Haapaniemi raised and informed Haapaniemi it would not entertain any further requests.  Id. at ECF No. 228.

Haapaniemi filed his 28 U.S.C. § 2241 Petition in this Court.  Doc. 1 (signed on November 12, 2023 and received by the Court on November 16, 2023).

---

[3]   Haapaniemi filed a previous § 2241 petition in this Court.  Pet., Haapaniemi v. Warden, Case No. 2:23-cv-83, ECF. No. 1.  Haapaniemi contended the indictment against him is invalid and his attorney and the prosecution acted fraudulently.  Id. at pp. 2, 14–15.  Haapaniemi also contended his conviction is based on an invalid plea agreement.  Id. at pp. 2, 6.  He asserted his attorneys rendered ineffective assistance.  Id. at p. 7.  In addition, Haapaniemi maintained the "manner in which [he] was taken into federal custody amount[s] to kidnapping and false arrest . . . ."  Id. at pp. 8–13, 16.  This Court dismissed his petition as an unauthorized or successive § 2255 motion.  Id. at ECF Nos. 11, 13, 15.

**DISCUSSION**

I.      **This Court Cannot Provide Haapaniemi's Requested Relief**

Haapaniemi names the Warden of his current place of incarceration as a Respondent in his Petition, but it is clear Haapaniemi is not seeking any relief from that individual.[4]  Instead, Haapaniemi argues he is an alien, and, therefore, the United States Attorney's Office that prosecuted his case should have requested an order of removal and Immigration and Customs Enforcement Agency ("ICE") should have initiated removal proceedings.  Doc. 1 at 2.  Haapaniemi emphasizes the Bureau of Prisons ("BOP") lists him as a criminal alien.  Id. at 1–2, 7.  Haapaniemi asks for the trial court to amend his judgment to reflect his status as a "criminal alien" and remand him to an immigration judge for removal proceedings.  Id. at 7.  In other words, Haapaniemi wants the trial court where he was prosecuted to take certain steps so he can be released from BOP custody and deported by ICE.

Haapaniemi provided the Court with a copy of a BOP "Individualized Needs Plan–Program Review" form.  Doc. 1.  Notably, the form includes a section titled "RRC/HC Placement," which presumably refers to residential re-entry/home confinement.  In that section, it states "No" and Haapaniemi is a "[c]riminal alien" to be "release[ed] to custody of ICE."  Id. at 10.  In a separate "comments" section, the form states: "Proof of citizenship needs to be provided

---

[4]     Haapaniemi also names an AUSA in the United States Attorney's Office for the District of Alaska, where Haapaniemi was originally prosecuted, and "Immigration & Naturalisation [sic] Service."  Doc. 1.  Neither of these entities can provide Haapaniemi with his requested relief.  "A federal court may grant a writ of habeas corpus only to an individual who is 'in custody.'"  Romero v. Sec'y, U.S. Dep't of Homeland Sec., 20 F.4th 1374, 1378 (11th Cir. 2021) (quoting 28 U.S.C. § 2241(c)).  "Whether a person is 'in custody' within the meaning of § 2241 is a question of subject-matter jurisdiction."  Id. (citing Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015)).  "Because a writ of habeas corpus grants relief from unlawful custody . . . , jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner."  Lozano v. Stone, CV318-53, 2018 WL 5018466, at *4 (S.D. Ga. Oct. 16, 2018) (citing Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus].")), superseded by statute on other grounds, as explained in Themeus v. U.S. Dep't of Justice, 643 F. App'x 830, 832 (11th Cir. 2016).

in order to have release address updated[.]" Id.  Happaniemi fails to explain the significance or context of this document.

As noted, Haapaniemi has already sought the same relief in the trial court.  While the "Attorney General shall provide for the availability of special removal proceedings . . . for aliens convicted of criminal offenses covered in section 1227(a)(2)(A)(iii), (B), (C), or (D)[,]" 8 U.S.C. § 1228(a)(1), these proceedings must comply with 8 U.S.C. § 1229a.  Section 1229a requires an immigration judge to conduct deportation proceedings and is the "sole and exclusive procedure for determining whether an alien may be admitted to . . . or removed from the United States." 8 U.S.C. § 1229a(a)(3).  Even in cases where an alien stipulates to his removability, which appears to be what Haapaniemi is willing to do, an immigration judge is to enter the order of removal.  8 U.S.C. § 1229a(d).  But removal proceedings under § 1229a must be initiated by the Attorney General and conducted by an immigration judge.  8 U.S.C. § 1229.  This Court cannot provide the relief Haapaniemi seeks here for the same reasons the District Court for the District of Alaska could not—district courts do not have the authority to provide his requested relief, i.e., an order of removal.  There is nothing before the Court indicating Haapaniemi has sought relief through the appropriate avenues.  Thus, the Court should deny Haapaniemi's Petition.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Haapaniemi leave to appeal *in forma pauperis*.  Though Haapaniemi has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3);

Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Haapaniemi *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Haapaniemi's § 2241, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Haapaniemi leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of July, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA